UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:10-CV-00335-R

ANGELA MARIE DUNN                                                              PLAINTIFF

v.

GORDON FOOD SERVICES, INC., and
PATRICK MULKEY                                                                 DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court upon Plaintiff's Motion to Remand (DN 11). Defendants have responded (DN 18). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion is DENIED.

Also, before the Court is Defendant Patrick Mulkey's Partial Motion to Dismiss (DN 6). Plaintiff has responded (DN 19) and Defendant has replied (DN 23). For the reasons that follow, Defendant's Motion is GRANTED.

Also, before the Court is Defendants' Motion for Judgment on the Pleadings (DN 16). Plaintiff has responded (DN 22) and Defendants have replied (DN 24). For the reasons that follow, Defendants' Motion is DENIED.

## BACKGROUND

Plaintiff Angela Marie Dunn was employed as a Customer Development Specialist with Defendant Gordon Food Services ("GFS") from August of 2003 until October of 2008. During that time, she worked under the direct supervision of Defendant Patrick Mulkey. On October 3, 2008, Dunn was terminated by GFS. On April 9, 2010, Dunn filed the current action in Bullitt Circuit Court alleging against GFS wrongful termination, age and gender discrimination, creating a hostile work environment, and conspiracy to violate KRS 344 *et. seq*. Dunn also

named Mulkey in the complaint, stating that he conspired with GFS to violate KRS 344 *et. seq.* and that his actions as her supervisor tortiously interfered with her business relationships while she was employed with GFS.

On May 10, 2010, GFS filed a Notice of Removal with this Court, stating that Dunn had fraudulently joined Mulkey as a defendant to defeat removal. Subsequently, GFS also moved for dismissal of the claims against Mulkey and filed for a Motion for Judgment on the Pleadings. Dunn moved to remand the case back to state court, denying that Mulkey had been fraudulently joined.

I.     **Motion to Remand**

GFS removed the current action on the basis of diversity jurisdiction. Dunn is a citizen of Kentucky and GFS is a foreign corporation, considered a citizen of Michigan. GFS argues however that while Mulkey is a citizen of Kentucky, Dunn fraudulently joined him in this action and therefore removal under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 is appropriate.

When an action is removed on the basis of diversity, a court must determine whether "'all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation.'" *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (citation omitted). The "party 'seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction.'" *Id.* at 493 (citation omitted). Moreover, "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Id.* "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id.* "All doubts as to the propriety of removal are resolved in favor of remand." *Id.*

GFS cites three reasons why the allegations against Mulkey of conspiracy and tortious

interference with business relationships do not establish a cause of action upon which relief can be granted.[1]  First, GFS states that the conspiracy claim pursuant to the Kentucky Civil Rights Act ("KCRA"), specifically KRS 344.280, is barred by the intra-corporate conspiracy doctrine.  Second, GFS asserts Kentucky has a statute of limitations of one year on conspiracy actions and therefore Dunn's claim of conspiracy is time-barred.  Third, Mulkey's agency relationship with GFS means that only two parties are involved in the current lawsuit, and under Kentucky law interplay between three parties is required to show tortious interference.  Each argument is addressed in turn.

The intra-corporate conspiracy doctrine states that "a corporation cannot conspire with its own agents or employees" because the corporation and its employees "are members of the same collective entity" and so "there are not two separate 'people' to form a conspiracy." *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Ed.*, 926 F.2d 505, 509-10 (6th Cir. 1991).  In *McGee v. Continental Mills, Inc.*, this Court predicted that though the issue had never been ruled upon, the Kentucky Supreme Court would apply the intra-corporate conspiracy doctrine. *McGee v. Continental Mills, Inc.*, No. 5:09-cv-155, 2009 WL 4825010, at *2 (W.D. Ky. Dec. 11, 2009).  Finding that the Kentucky Supreme Court has yet to be confronted with the issue, this Court sees no reason in departing from its earlier decision.  As neither party in the current matter denies that Mulkey was employed by and an agent of GFS during the relevant time period, and since Dunn does not proffer a convincing argument why abandonment of *McGee*'s decision is

---

[1] Dunn does not include the allegations against Mulkey concerning the charges of wrongful termination, age and gender discrimination, and creating a hostile work environment. Given this, and when considering past Kentucky law on employee liability under the Kentucky Civil Rights Act, this Court does not examine these claims within the context of its fraudulent joinder decision. *See Connor v. Patton*, 133 S.W.3d 491, 493 (Ky. Ct. App. 2004) ("[I]ndividual agents or supervisors who do not otherwise qualify as employers cannot be held personally liable in their individual capacities under KRS Chapter 344.").

proper, the intra-corporate conspiracy doctrine bars Dunn's conspiracy claim against Mulkey.

GFS next asserts that the conspiracy claim against Mulkey is time-barred by Kentucky's statute of limitations, specifically KRS 413.140(1)(c). Dunn argues instead that KRS 413.120(2) applies to KCRA because no other time is fixed by the statute creating liability. Given the decision that the intra-corporate conspiracy doctrine applies, this Court need not interpret this statute of limitations issue.

Lastly, GFS states that as Mulkey is its agent and employee, he cannot be termed a third party with regards to Dunn's claim of tortious interference. Under Kentucky law, where an individual "without the privilege of doing so, induces or otherwise causes a third person not to (a) perform a contract with another, or (b) enter into or continue a business relation with another[,]" that individual is liable for tortious interference with a business relationship. *Carmichael-Lynch-Nolan Adver. Agency, Inc. v. Bennett & Associates, Inc.*, 561 S.W.2d 99, 102 (Ky. Ct. App. 1977) (internal citations and punctuation omitted). From this case, it is clear that three parties are necessary for a claim of tortious interference with a business relationship: (1) the party who has improperly interfered (2) the party who has been induced not to perform and (3) the aggrieved party who has been injured by the non-performance. *See id.* GFS argues that as Mulkey should be treated as its agent, the claim is improper because GFS cannot interfere with itself.

Dunn does not dispute the well settled principle that a corporation may only act through its servants or agents. *See Caretenders, Inc. v. Commonwealth*, 821 S.W.2d 83, 86 (Ky. 1991). Instead, Dunn charges that as Mulkey's actions were contrary to the overall goals of the corporation, he should be treated as an independent third party amenable to a suit of tortious interference. However, Dunn cites no relevant legal precedent to support this assertion and fails

to alleges facts that would indicate that Mulkey was acting in any capacity other than as Dunn's supervisor when he supposedly interfered with her business relationships. Given Mulkey's general role as an agent for GFS, it is illogical to conclude that his interactions with Dunn's business clients, not matter how injurious to Dunn, could fall outside of the context of his employment and agency.[2] As such, Mulkey cannot be termed a third-party in a claim for tortious interference, and thus this claim is fatally defective.

The Court finds that Mulkey was fraudulently joined and therefore GFS has properly removed this action.

## II.  Motion to Dismiss

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the

---

[2] Assuming *arguendo* that Mulkey was acting outside the scope of his position, the relationships that Dunn claims Mulkey interfered with were those that she had fostered as a sales associate for GFS. Consequently, Dunn is mistaken by characterizing the relationships she developed while employed with GFS as her own; instead, the business contacts Dunn made are best described as dealings between GFS and its customers. As such, if Mulkey's actions were harming only GFS's business, it is dubious whether Dunn even has standing to raise this action of tortious interference.

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.* at 1965. Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

In his Motion to Dismiss, Mulkey again argues that Dunn fails to state a claim upon which relief can be granted because her allegations are (1) barred by the intra-corporate conspiracy doctrine (2) untimely under the applicable one-year limitations period governing conspiracy claims and (3) legally defective because GFS cannot tortiously interfere with itself. As explained *supra*, the intra-corporate conspiracy doctrine states that there cannot be a conspiracy between a corporation and its employees because they do not constitute the two separate people necessary to form a conspiracy. The defendants are a corporation and one of its employees. Therefore, Dunn's conspiracy claims are barred by the intra-corporate conspiracy doctrine. The Court again finds it unnecessary to address Mulkey's statute of limitations argument. Finally, as Mulkey is an agent for GFS, his actions are attributable to the corporation and thus there is no third party which could have tortiously interfered with Dunn's customer relationships.

### III. Motion for Judgment on the Pleadings

Rule 12(c) allows a party to move for a judgment on the pleadings. Fed. R. Civ. P. 12(c). "The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Twp. of Comstock*,

592 F.3d 718, 722 (6th Cir. 2010) (citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citations and quotation marks omitted).

Generally, if matters outside the pleadings are presented to the court on a motion for judgment on the pleadings under Rule 12(c), then the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, "a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings . . . when [that] document is referred to in the complaint and central to the plaintiff's claim." *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (internal citations omitted); *see Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 924 (N.D. Ohio 2009). When this occurs, the defendant may submit an authentic copy of the document to the court without the requirement that the motion for judgment on the pleadings be converted into a motion for summary judgment. *Greenberg*, 177 F.3d at 514.

GFS attached a copy of Dunn's "Application for Employment" to its answer. On the last page of the application, a clause requires Dunn to bring whatever suit or grievance she may have with GFS within one year of the occurrence of the event that gives rise to the claim. DN 7-2 at 4. The clause also waives any statute of limitation to the contrary. *Id.* Although Dunn's complaint does not make mention of or refer to this application, GFS argues that as the definition of "pleadings" in Rule 7(a) includes both the answer and the complaint, the application may be considered in the context of a motion for judgment on the pleadings. *See* Fed. R. Civ. P. 7(a).

This Court is not persuaded by GFS's reasoning. Dunn's complaint does not mention the employment application and the statutory claims she raises are not even loosely impacted by the application or the information contained on it. Additionally the cases GFS discusses in its motion that ostensibly allow this Court to ignore *Greenberg*'s unambiguous rule are distinguishable.[3]

Rule 12(d) allows a court to exclude from its consideration matters outside the pleadings. Fed. R. Civ. P. 12(d). The rule also requires that both parties "be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* As such, Dunn shall have three weeks to file a surreply to this Rule 56 motion, attaching any pertinent affidavits. Following that, GFS shall then file a second surreply within two weeks time.

## CONCLUSION

For the foregoing reasons, Plaintiff's Objection to Removal and Motion to Remand to Bullitt Circuit Court (DN 11) is DENIED and Defendant Patrick Mulkey's Motion to Dismiss (DN 6) is GRANTED.

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (DN 16) is DENIED. IT IS FURTHER ORDERED that Plaintiff shall file a surreply to Defendant's Motion for Summary Judgment within TWENTY-ONE DAYS. Defendant shall have FOURTEEN DAYS TO RESPOND.

An appropriate order shall issue.

---

[3] GFS cites *Whittiker v. Deutsche Bank Nat. Trust Co.*, which discussed whether a court could take judicial notice of public records attached to the pleadings. *Whittiker*, 605 F. Supp. 2d at 936. This is markedly different than attaching a personal employment application to an Answer.