UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:10-CV-00335-R

ANGELA MARIE DUNN                                                                                  PLAINTIFF

v.

GORDON FOOD SERVICES, INC.                                              DEFENDANT

**MEMORANDUM OPINION**

This matter originally came before the Court on Defendant's Motion for Judgment on the Pleadings (DN 16). Defendant attached documentary evidence to the motion that was not relied upon by Plaintiff in her complaint. In accordance with the Federal Rules, the Court considered Defendant's motion in the context of a Rule 56 summary judgment motion. To allow the parties an opportunity to submit pertinent affidavits and present arguments to address the Rule 56 standard, the Court ordered each party to submit a sur-reply. (DN 25). Plaintiff and Defendant have each filed timely replies (DN 27; DN 28). This motion is now ripe for adjudication. For the reasons that follow, Defendant's Motion for Summary Judgment is GRANTED.

**BACKGROUND**

Plaintiff Angela Marie Dunn was employed as a Customer Development Specialist with Defendant Gordon Food Services ("GFS") from August of 2003 until October of 2008. Prior to her employment, Dunn filled out an Application for Employment ("Application"). The last page of the Application presented eleven clauses that each applicant to GFS agreed to before being considered for employment. The fourth clause stated the following:

> LIMITATION ON CLAIMS: I agree that any action or suit against [GFS] arising out of any employment or termination of employment, including but not limited to claims arising under the State or Federal civil rights statutes, must be brought within

1

one year of the event giving rise to the claim or be forever barred. I waive any statute of limitations to the contrary.

DN 28-1 at 6. In all capital letters above this clause was the phrase "PLEASE READ EACH SECTION CAREFULLY AND CHECK THE BOX." *Id*. Dunn checked the corresponding box and signed the application on August 9, 2004.[1] *Id*.

On October 3, 2008, Dunn was terminated by GFS. On April 9, 2010, Dunn filed the current action in Bullitt Circuit Court alleging against GFS the state-law causes of action of wrongful termination, age and gender discrimination, and creating a hostile work environment. GFS made a timely removal of this action to this Court[2] and filed its Motion for Judgement on the Pleadings, belatedly transformed into a Rule 56 Motion for Summary Judgment, on May 28, 2010.

**STANDARD**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[1] Keith Masoud, the Director of Human Resources for GFS, has affirmed that the executed employment agreement attached to this motion was found in Dunn's personnel file and that it is company policy to have all GFS employees to fill out the Application. DN 28-1 at 2.

[2] Dunn filed a motion to remand on the basis that co-defendant Patrick Mulkey destroyed the diversity of citizenship between the parties. The Court decided however that Mulkey had been fraudulently joined in this action to defeat diversity, dismissed him as a defendant, and denied Dunn's Motion to Remand. DN 25.

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

**DISCUSSION**

GFS moves for summary judgment on the basis of the Application and its one-year limitations provision. It argues that since eighteen months passed between Dunn's termination and the filing of this suit, and because she had agreed in the Application to bring any claims arising from her employment within one year of the tortious event, this action is untimely and must be dismissed. Dunn charges that this would be improper for three reasons: (1) Kentucky

3

law does not allow the waiver of a statute of limitations in an employment contract; (2) Dunn did not knowingly and voluntarily execute the waiver located in the Application; (3) as Dunn is an at-will employee, she cannot waive certain rights in the Application and still be relegated to an at-will status.

### I. The Supreme Court of Kentucky would permit a waiver of the prevailing statute of limitations in an employment application.

Dunn first argues that the limitation on claims found on the final page of the Application is "contrary to Kentucky law." DN 27 at 3. GFS on the other hand states that while Kentucky courts have not yet examined "whether an employee can contractually agree to a shortened limitations period to bring claims arising out of their employment," previously declared precedent indicates that the Supreme Court of Kentucky would uphold such a provision. DN 16-2 at 6.

Under Kentucky law, actions where liability is imposed by statute are entitled to a five-year statute of limitations. KRS § 413.120(2). The causes of actions Dunn cites, wrongful termination, age and gender discrimination, and creating a hostile work environment, are predicated on KRS § 344 et seq., and therefore typically subject to the limitations period of § 413.120(2). *See Ky Com'n on Human Rights v. City of Owensboro*, 750 S.W.2d 422 (Ky. 1988); *Pike v. Harold (Chubby) Baird Gate Co., Inc.*, 705 S.W.2d 947 (Ky. Ct. App. 1986). Yet, Kentucky law permits contracting parties to agree to limit the time available for an injured party to bring suit, so long as the agreed upon interval provides a potential plaintiff reasonable time to initiate the action. *See Edmondson v. Pa. Nat. Mut. Cas. Ins. Co.*, 781 S.W.2d 753, 755-56 (Ky. 1989); *Burlew v. Fidelity & Cas. Co. of N.Y.*, 122 S.W.2d 990, 995 (Ky. 1938); *Webb v. Ky. Farm Bureau Ins. Co.*, 577 S.W.2d 17, 18-19 (Ky. Ct. App. 1978). Thus, the Court is required to

4

answer two preliminary questions in upholding the Application's waiver: (1) would the Kentucky Supreme Court permit waivers of the statute of limitations in an employment application, and if so, (2) did this particular waiver of one year provide Dunn a reasonable time to bring this action?

Kentucky courts have upheld waivers of the statute of limitations in insurance contracts. *Hale v. Blue Cross & Blue Shield of Kentucky, Inc.*, 862 S.W.2d 905, 907-08 (Ky. Ct. App. 1993) (twelve-month limitations period reasonable under health insurance policy); *Edmondson*, 781 S.W.2d at 755-56 (action to collect under fire insurance policy required to have been filed within twelve months of loss as provided for under policy). The instant case however does not concern an insurance policy; instead, it examines a provision in the context of an employment application. Thus, this Court must look to analogous law from Kentucky and other jurisdictions.

While Kentucky has not specifically addressed a wavier of the statute of limitations in this context, courts in this state have interpreted agreements between employers and employees under similar circumstances. In *Higdon Food Service, Inc. v. Walker*, 641 S.W.2d 750 (Ky. 1982), an employer brought an action against an ex-employee seeking to have a non-compete clause in a previously executed employment agreement enforced. *Id*. at 751. In his attempts to attack the non-compete provision, the employee stated that he had been forced to sign the agreement or he would have been terminated.[3] *Id*. The Court decided that the contract did not want for mutuality and that dictating to an employee that he must sign an agreement or risk losing his position was adequate consideration where the employee was retained following the

---

[3] The employee specifically testified that his employer "didn't put it where you'd be fired or anything, but I took it that if I didn't sign it I probably . . . I wouldn't be there long either." *Walker*, 641 S.W.2d at 751.

5

agreement's execution. *Id*. In *Shadeh v. Circuit City Stores, Inc.*, 334 F. Supp. 2d 938 (W.D. Ky. 2004), an employee signed an agreement during the infancy of his employment that restricted any grievance he had with his employer to binding arbitration. *Id*. at 939. Applying Kentucky law, Judge Heyburn held the arbitration agreement enforceable notwithstanding that the employee had both limited education and business experience. *Id*. at 939-43. In so holding, the court relied in part on "the fundamental rule" that "a written agreement duly executed by the party to be held, who had an opportunity to read it, will be enforced according to its terms." *Id*. at 941 (quoting *Conseco Finance Servicing Corp. v. Wilder*, 47 S.W.3d 335 (Ky. Ct. App. 2001)). At least one Kentucky state court has followed the analysis set forth in *Shadeh* as favorable precedent. *See Covington v. Pipe Fitters' Local 502 Training and Educ. Fund*, No. 2004-CA-002434, 2005 WL 1540123, at *3 (Ky. Ct. App. July 1, 2005).

The Court believes that these cases offer the best indication of how the Kentucky Supreme Court would interpret Kentucky law as applied to this particular factual scenario. The circumstances by which Dunn agreed to the terms of the Application belie any notion that the two parties were in similar negotiating positions when she signed the document.[4] Nevertheless, the employees in *Walker* and *Shadeh* were in near identical positions, required to waive certain legal rights or face likely termination. In those cases, the courts of Kentucky and those applying Kentucky law found that employer-employee agreements may be executed in exchange for merely retaining one's job. The Court sees no reason why the highest court in Kentucky would

---

[4] In an affidavit attached to its Motion for Summary Judgment GFS's director of Human Resources claims that before employees are hired, they are required to complete the Application. DN 28. It is difficult to imagine that in initially petitioning GFS for employment, Dunn possessed any appreciable bargaining power such that she could have rejected this particular term of the Application and still have been hired by GFS.

not extend this logic and permit an applicant to surrender certain statutory rights in exchange for being considered for employment, provided the other conditions of a lawful waiver are also met.

To further predict the decision of the Kentucky Supreme Court, the Court next looks to other jurisdictions for similar cases. It need not look far. In *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352 (6th Cir. 2004), the plaintiff filled out and signed an employment application that contained a clause restricting lawsuits against his employers to six months after the date of the tortious act or omission. *Id.* at 355. Citing Michigan law, the Sixth Circuit Court of Appeals upheld the provision as reasonable and decided that the district court had properly decided that the time-limitation had barred the plaintiff's suit. *Id*. at 355-59. Other federal district courts and state courts located in this circuit have upheld a predetermined limitations period for bringing legal action against an employer as agreed upon in an employment application.[5] *See e.g.*, *Boaz v. Fed. Exp. Corp.*, No. 2:09-CV-02232, 2010 WL 3834869, at*6 (W.D. Tenn. Sept. 24, 2010); *Ellison v. DaimlerChrysler Corp.*, No. 3:06-CV-899, 2007 WL 3171758, at *5 (N.D. Ohio Oct. 30, 2007); *Skaan v. Fed. Exp. Corp.*, No. 2009-02506-COA-R3-CV, 2010 WL 5140627, at *1-2 (Tenn. Ct. App. Dec. 14, 2010); *Dedivanaj v. DaimlerChrysler Corp.*, No. 266769, 2007 WL 1791709, at *1 (Mich. Ct. App. June 21, 2007); *see also Butcher v. Bally Total Fitness Corp.*,

---

[5] An number of other federal courts outside the footprint of the sixth circuit have also upheld these provisions in employment applications, barring both state and federal claims. *See e.g.*, *Ravenscraft v. BNP Media, Inc.*, No. 09-C-6617, 2010 WL 1541455, at *1 (N.D. Ill. Apr. 15, 2010); *PSC Info Group v. Lason, Inc.*, 681 F. Supp. 2d 577, 587 (E.D. Pa. 2010); *Cole v. Federal Exp. Corp.*, No. CV-06-3485, 2008 WL 4307090, at *9 (E.D. Pa. Sept. 19, 2008); *Vincent v. Comerica Bank*, No. H-05-2302, 2006 WL 1295494, *5-6 (S.D. Tex. May 10, 2006); *Badgett v. Federal Express Corp.*, 378 F. Supp. 2d 613 (M.D.N.C. 2005); *Fink v. Guardsmark*, LLC, No. CV 03-1480-BR, 2004 WL 1857114, at *1 (D. Or. Aug. 19, 2004); *Johnson v. DaimlerChrysler Corp.*, No. C.A. 02-69 GMS, 2003 WL 1089394, at *1 (D. Del. Mar. 6, 2003).

7

No. 81593, 2003 WL 1785027, at *1 (Ohio App. 8th Apr. 3, 2003) (upholding an alternative dispute resolution clause in an employment application). These decisions are commensurate with the prevailing rule that employers may require binding arbitration as a condition of employment. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991). Overall, the past decisions by courts in this state, in conjunction with the prevailing legal precedent of other jurisdictions, are persuasive that the Kentucky Supreme Court would permit a waiver of a statute of limitations in an employment application.

Dunn offers that in *Elkins v. Ky. Farm Bureau Mut. Ins. Co.*, 844 S.W.2d 423 (Ky. Ct. App. 1992), the Kentucky Court of Appeals "rejected [the] application of contractual shortening of time periods to initiate a lawsuit where damages cannot be immediately ascertained on the date of the loss." DN 27 at 3. She argues that this case renders the limitations period contained in the Application is improper. Dunn's rationale however does not withstand a careful analysis of *Elkins*, as the case is readily distinguishable from the current matter. In *Elkins*, the court addressed whether an insurance policy could institute a one-year limitations period for a motorist to file suit to obtain uninsured motorist benefits. *Elkins*, 844 S.W.2d at 424. As Kentucky's no-fault statutory scheme set forth a limitations period of two years to file from the date of injury, the court decided that the contractual limitations period when applied to uninsured motorist coverage would frustrate the purposes of the no-fault insurance scheme. *Id*. at 424-25. The court however restricted this holding specifically to uninsured motorist coverage, stating that in other circumstances "a shortening of the limitation period in which an action must be brought is not *per se* restrictive or unreasonable." *Id*. at 425. Dunn's matter clearly does not involve uninsured motorist coverage or a claim under Kentucky's no-fault statutory scheme. *Elkins*

8

therefore does not control the circumstances of this matter.

Next, the Court must answer the inquiry of whether the one-year limitations period on the Application is reasonable. After reviewing Kentucky's case law, decisions of other jurisdictions, and pertinent federal statutes, the Court believes that it is. While customarily Dunn would have five years to bring this suit, Kentucky courts have repeatedly upheld comparable reductions in the typical statute of limitations. *Hale*, 862 S.W.2d at 907-08 (reducing a five-year statute of limitations to one year); *Webb*, 577 S.W.2d at 17-19 (reducing a fifteen-year statute of limitations to twelve months). In addition, other jurisdictions have upheld waivers in employment applications that set forth shorter limitations periods. *Thurman*, 397 F.3d at 355-58 (six-month period to bring claims reasonable); *Boaz*, 2010 WL 3834869 at *1 (same); *Ellison*, 2007 WL 3171758 at *1-5 (same). Finally, analogous actions brought under a variety of federal statutes require actions to be brought before the accrual of a year. *See* 42 U.S.C. § 2000e-5(e) (maximum of a 300-day period to bring action under Title VII of the Civil Rights Act of 1964); 42 U.S.C. § 12117(a) (maximum of a 300-day period to bring action under the Americans with Disabilities Act). In light of these findings, a year-long period whereby Dunn could have brought action contesting the circumstances of her termination seems reasonable to this Court.

Accordingly, the Court finds that a waiver in an employment application is congruent with Kentucky law and that this particular waiver is reasonable on its face.

**II. Dunn's waiver was knowing and voluntary.**

Interpreting Kentucky law as to allow a waiver of the statute of limitations in an employment application is only the first step of this Court's analysis. The next inquiry is

9

whether Dunn's waiver was knowing and voluntary.[6]

According to Kentucky law "[t]he common definition of a legal waiver is that it is a voluntary and intentional surrender or relinquishment of a known right, or an election to forego an advantage which the party at his option might have demanded or insisted upon." *Greathouse v. Shreve*, 891 S.W.2d 387, 390 (Ky. 1995) (quoting *Barker v. Stearns Coal & Lumber Co.*, 163 S.W.2d 466, 470 (Ky. 1942)). In determining whether a party has knowingly and voluntarily executed a release, a court looks to:

> (1) plaintiff's experience, background, and education; (2) the amount of time plaintiff had to consider whether to sign the waiver, including whether . . . [there was] an opportunity to consult with a lawyer; (3) the clarity of the waiver; (4) consideration for the waiver; (5) the totality of the circumstances.

*Williams v. Osborne*, Nos. 2002-CA-000186-MR, 2002-CA-000187, 2003 WL 22927708, at *5 (Ky. Ct. App. Dec. 12, 2003) (quoting *Adams v. Phillip Morris, Inc.*, 67 F.3d 580, 583 (6th Cir. 1995)).

Dunn declares that under the totality of the circumstances, her waiver was neither knowing nor voluntary. To buttress this assertion, she states that she received only a high school education, was given insufficient time to review the Application, and was unable to consult an attorney before signing it. This information however is relayed through her counsel's responses to these motions, as Dunn has failed to submit an affidavit providing the circumstances under which she signed the document. In transforming GFS's Motion for Judgment on the Pleadings into this Motion for Summary Judgment, the Court gave explicit instructions that Dunn should

---

[6] The Court examines Dunn's waiver of the prevailing statute of limitations under Kentucky law. Clearly, she did not waive her right to bring these claims, only the time period whereby they could have been pursued.

attach pertinent affidavits. DN 25. Without them, the Court is left merely to rely on the substantive documents submitted by GFS in determining whether Dunn's waiver was knowing and voluntary.[7]

Even if the Court accepted Dunn's argument, which it does not, it is insufficient to carry the day. Dunn's counsel argues that because of her high school education and inability to seek the advice of a lawyer, she was incapable of knowingly and voluntarily waiving her statutory rights in the employment application. GFS however urges the Court to dismiss this argument, citing this circuit's propensity for granting summary judgment where a non-moving party fails to provide affidavits supporting its position. *See e.g.*, *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). Even assuming the verification of Dunn's education and her inability to consult an attorney, standing alone these facts do not show lack of knowledge of voluntariness. Other courts have upheld the waiver of statutory rights where an employee had limited education and was unable to speak with an attorney before executing the document. *See Sako v. Ohio Dept. Of Administrative Services*, 278 F. App'x 514, 518 (6th Cir. 2008). Accordingly, the Court finds, based on the record before it, that Dunn knowingly and voluntarily approved the waiver in the Application.

### III. Kentucky law allows an at-will employee to enter an employment agreement while maintaining their at-will status.

Lastly, Dunn avers that since her position with GFS was at-will, she could not enter an agreement with her employer and still be considered an at-will employee. She declares that GFS "cannot disclaim the existence of an employment contract and in the same breath require [Dunn]

---

[7] GFS has offered an affidavit from Keith Masoud describing the process by which job applicants, such as Dunn, execute the application.

to adhere to other agreements that favor the employer." DN 27 at 2. Dunn fails to cite prior case law in support of this proposition.

Kentucky's law adheres to the at-will doctrine unless the parties agree otherwise. *Noel v. Elk Brand Mfg. Co.*, 53 S.W.3d 95, 98 (Ky. Ct. App. 2000). "Kentucky courts 'have held that the at-will employment relationship may be modified, without additional consideration, if the employer clearly states an intention to do so.'" *Hines v. Elf Atochem N. Am., Inc.*, 813 F. Supp. 550, 552 (W.D. Ky. 1993) (citing *Shah v. Am. Synthetic Rubber Corp.*, 655 S.W.2d 489 (Ky. 1983)). Relying in part upon this precedent, other courts have upheld unilateral conditions placed on at-will employees whereby the employees agreed to binding arbitration as a condition of their employment. *See e.g.*, *Whalen v. Lord and Moses*, LLC, No. 09-192-JBC, 2009 WL 3766327, at *1-2 (E.D. Ky. Nov. 10, 2009); *Shadeh*, 334 F. Supp. 2d at 939-43; *Adkinson v. Prof'l Serv. Indus., Inc.*, No. 3:97-CV-539-S, 1998 WL 34202235, at *2-3 (W.D. Ky. May 11, 1998). Thus, the Court has no difficulty finding Dunn could waive the typical statute-of-limitations period in the Application despite her continued classification as an at-will employee.

Even taking the view most favorable to Dunn and assuming that the Application is an employment contract, her argument still must fail. The Application also contains a provision that classifies Dunn as an at-will employee. DN 28-1 at 6. The practice of having written agreements between employers and employees with an employee maintaining their at-will status has been previously upheld by Kentucky courts. *Moore v. City of New Haven*, No. 2010-CA-000019-MR, 20102010 WL 4295588, at *2 (Ky. Ct. App. Oct. 29, 2010). As such, supposing Dunn could rely on the Application to establish certain contractual rights between herself and GFS, she would still have maintained the status of an at-will employee with the one

year limitations period still in effect.

## CONCLUSION

After careful review of the state's laws as well as the legal current throughout the country, the Court believes that the Kentucky Supreme Court would permit a waiver of the statute of limitations in a job application. Consequently, Defendant's Motion for Summary Judgment is GRANTED. An appropriate order shall issue.